SALCINES, Judge.
P.R. Marketing Group, Inc., and World Financial Services, Inc. d/b/a The Mortgage Lending Group, appeal the trial court’s final summary judgment. The final summary judgment was entered after the trial court denied P.R. Marketing and World Financial Services’ motion for summary judgment on the issue of Lability and granted motions for summary judgment in favor of the Florida Department of Revenue (DOR), and GTE Florida Inc. n/k/a Verizon Florida Inc. The action brought by P.R. Marketing and World Financial Services concerned whether GTE was properly calculating Florida taxes paid on long distance telephone calls. We affirm but write to encourage the legislature to evaluate the statutes discussed hereinafter.
In count one of their complaint, P.R. Marketing and World Financial Services challenged DOR and GTE’s practice of using the bracket method of taxation for long distance telephone calls. See Fla. Admin. Code R. 12A 1.003. By using this method of taxation, the tax was calculated at the time each individual telephone call was made rather than at the time the monthly bill was rendered for all calls made during that time period. While P.R. Marketing and World Financial Services had no complaint about the bracket method of taxation itself, they argued that it had been improperly applied by DOR and GTE, and that the improper application resulted in a taxation overcharge with each monthly bill.
In count two, P.R. Marketing and World Financial Services asked the trial court to declare unlawful the imposition of a seven percent sales tax on intrastate long distance telephone calls. They alleged that a careful reading of section 212.05(l)(e), Florida Statutes (Supp.1994), revealed that only a six percent sales tax was authorized.
In count three, P.R. Marketing and World Financial Services asserted that DOR and GTE were engaged in a complicated pyramiding of taxation which was contrary to the dictates of section 212.081(3)(b), Florida Statutes (1993), and section 212.12(12), Florida Statutes (Supp. 1994). This pyramiding was alleged to have resulted from the multiple taxation of a 2.5 percent gross receipts tax which GTE legitimately passed on to its customers pursuant to section 203.01(5), Florida Statutes (1993). More specifically: (1) double taxation occurred when a seven percent sales tax was imposed upon the 2.5 percent gross receipt tax; (2) triple taxation occurred when the 2.5 percent gross receipt tax charged to the customer became part of the gross receipts of the utility which was then once again taxed at 2.5 percent (resulting in the collection of a total of 2.56 percent in gross receipts taxes rather than the 2.5 percent authorized); and (3) quadruple taxation occurred when the customers were subjected to a seven percent sales tax on that additional .06 percent of gross receipts tax.
We note that for years these administrative methods and interpretations have been used to implement the applicable statutes. If the DOR administrative interpretation of the legislative mandate is not what the legislature intended, it is up to our legislature to investigate and change or clarify the statutes. Accordingly, we affirm.
Affirmed.
ALTENBERND and FULMER, JJ., Concur.